**Gearld BAGWELL and the Liberty County Officers Association, Relators,**

v.

**Judge J.C. ZBRANEK, 75th Judicial District Court of Liberty County, Texas, County Judge of Liberty County Honorable Judge Dempsie Henley and Liberty County Commissioners Court, Lee Groce, Bobby Payne, Melvin Hunt and Harry Hylton and Liberty County Clerk, Wanda Barker, Respondents.**

No. 09–93–196 CV.

Court of Appeals of Texas, Beaumont.

Oct. 7, 1993.

Julie Kareé Cain, Liberty, Bruce Halstead, Jones & Granger, Houston, for relator.

Kenneth Wall, Houston, for respondents.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

**OPINION**

BROOKSHIRE, Justice.

An original proceeding seeking a writ of mandamus. The relators ask this intermedi-

ate appellate court to issue a writ of mandamus mandating and compelling the district judge to issue a writ of mandamus compelling the other respondents to order a special election to be held in Liberty County, pursuant to TEX.REV.CIV.STAT.ANN. art. 5154c–1, § 5(b) (Vernon 1987) (Act). Relators insist on an election to be conducted on or before the expiration of 60 days from July 18, 1993. This litigation arose in a prior mandamus proceeding in trial cause no. 49,178, in the 75th Judicial District Court of Liberty County. We have been favored with the transcript as well as a statement of facts of the district court proceeding. A judgment was signed July 28, 1993, denying the requested writ of mandamus. But an election had been ordered for a different, later date.

On or about July 19, 1993, Liberty County Officers Association (Association) filed with the proper authority in Liberty County a petition for an election for the adoption of the provisions of the Fire and Police Employee Relations Act, TEX.REV.CIV.STAT.ANN. art. 5154c–1 (Vernon 1987) (Act). On that same date, the Liberty County Commissioners Court called a special meeting to be conducted on July 22, 1993, to consider the petition. On July 20, the Liberty County Tax Assessor Collector certified to the Commissioners Court that the petition contained the signatures of 2115 qualified voters.

Then, at a special meeting of the Commissioners Court on July 22, the Association specifically asked and requested the County Commissioners to call a special election to be held and conducted on August 14, 1993. The Commissioners Court diligently sought legal counsel and, in fact, obtained an opinion or opinions from a special counsel, the County Attorney, and the Secretary of State. The Commissioners followed this expert legal advise and called a special election to be held on November 2, 1993.

On or about July 22, after the special meeting of the Commissioners Court, the Association filed its motion for leave to file a petition for writ of mandamus and its writ of mandamus in the 75th Judicial District Court. The trial court granted leave to file the petition and ordered a hearing on the petition to be held on July 23. The Association took the position in its petition that section 5(b) of the Act required the Commissioners Court to hold a special election within 60 days of the filing of the petition which meant on or before September 16, 1993. It was obvious that November 2, 1993, the day on which the election is still to be held under the order of the Commissioners Court, is a date that is outside the 60 day period. The Association asked the trial court then to issue a special writ of mandamus compelling the respondents to hold the election within the 60 day period. Following a hearing, the trial court denied the relators' requested relief for an earlier date for the election. We hold the ruling of the district judge was correct.

The TEX.ELEC.CODE ANN. § 3.005 (Vernon 1986) is relevant and TEX.ELEC.CODE ANN. § 41.004(a) (Vernon 1986) provides that:

(a) If a law outside this code other than the constitution requires a special election subject to Section 41.001(a) to be held within a particular period after the occurrence of a certain event, the election shall be held on an authorized uniform election date occurring within the period unless no uniform election date within the period affords enough time to hold the election in the manner required by law. In that case, the election shall be held on the first authorized uniform election date occurring after the expiration of the period.

This litigation is under a statute outside the Code.

 We determine that the respondents, the Commissioners Court of Liberty County and the County Commissioners thereof followed assiduously the TEX.ELEC.CODE ANN. § 41.004(a) (Code). Section 5(b) of the Act mandates, that upon receipt of a petition which contains the prerequisite number signatures of qualified voters, the governing body of such a political entity or subdivision shall hold an election within 60 days of said petition. Since there was not time enough for the proper 45 day notice to be given between July 22 and August 14, then the governing statute required that each general or special election shall be held on one of the following dates: 1) The third Saturday in January, 2) the first Saturday in April, 3) the

second Saturday in August, being August 14, 1993, or 4) the first Tuesday after the first Monday in November, being November 2, 1993.

September 16, 1993,—desired by the relators—was simply not a lawful or legal date and in this proceeding the Commissioners were correct in ordering that the election shall be held on the first authorized election date occurring after the expiration of the appropriate period. That date mandatorily was and is November 2, 1993. We now determine that our allowing the petition to file the writ of mandamus was improvidently granted and we dismiss the same. Indeed, the relators do not earnestly dispute the applicability of section 41.001(a) of the Code in their petition for the writ. They concede that the respondents were under an affirmative duty imposed by law to perform the ministerial duty of calling the election.

But concededly, the relators did contest the applicability of section 3.005 of the Code in an election to be held under section 5(b) of the Act. The petition seeking the election was filed on July 19, and the hearing and the Commissioners' orders took place expeditiously. If the said section 3.005 mandated the respondents to call and order *the election 45 days prior to the election date, then there could be no election on August 14.* Section 3.005 is applicable under the record.

The position of the relators in this regard is that because of section 3.002 of the Code the 45 day requirement of section 3.005 simply has no application. Tex.Elec.Code Ann. § 3.002 (Vernon 1986). Relators also argue that section 3.005 of the Code conflicts with the 60 day period of section 5(b) of the Act. Because of the conflict, section 3.002 of the Act, relators argue, eliminates the 45 day requirement of section 3.005. But, we determine, there is no conflict between section 3.005 of the Code and section 5(b) of the Act. Section 5(b) of the Act fails to provide the details of the mechanics and the hands-on administration of the election.

Therefore, political subdivisions must look to the election Code. Obviously, the date or the time of filing a proper petition under section 5(b) of the Act is controlled by those filing that petition. If the relators or peti-tioners desire an election on a specific uniform election date, the petition must be filed in sufficient time for the governing body to call and notice the election 45 days in advance.

Relators' argument would require us to ignore the last sentence of section 41.004(a) of the Code. We decline to do so. There was manifestly insufficient time to order the election for August 14. The necessary 45 day notice requirement could not be met. Hence, section 41.001(a) coupled with § 41.-004(a) mandated November 2, 1993.

■ Under the election Code itself, the Secretary of State of Texas is the State's Chief Election Officer. The Secretary of State agrees that section 3.005 of the Code applies to an election ordered under section 5(b) of the Act. In the record there is a letter from the Honorable John Hannah, Jr., the Secretary of State, to one Michael Stafford bearing date July 30, 1993. That letter and this opinion are harmonious. Section 41.004(a) of the Code contains the answer to the question posed before the respondents in calling the election pursuant to section 5(b) of the Act. The special election is subject to section 41.001(a) of the Code. The special election must be held on one of the four uniform election dates. The only authorized legal election date within the 60 day period was August 14. But the August 14 date failed, however, to afford sufficient passage of time to hold the election in the manner required by law because respondents faced an impossibility of calling the election 45 days in advance. August 14 was an impermissible date; so was September 16. The respondents, therefore, correctly called the election and noticed the election to be held on the date of November 2, 1993, which was the first authorized election date after the expiration of the 45 day notice requirement.

We conclude that the election to be held on November 2, 1993, was called and ordered to be held at the only time permitted by law and that the respondents herein had no authority to call the election for any other date.

The district judge, therefore, properly denied the relief requested by the relators.

**PETITION AND WRIT DISMISSED.**[1]

---

1. There is here copied as an appropriate footnote part of the letter from the Secretary of State dated July 30, 1993, to the Honorable Michael A. Stafford. We deem it proper and pragmatic to state the following from the letter from the Secretary of State, Hon. John Hannah, Jr.

> [Y]ou asked whether section 3.005 of the Texas Election Code is applicable to elections held under the Fire and Police Employee Relations Act (the "Act"). Tex.Rev.Civ.Stat.Ann. art. 5154c–1 (Vernon 1987).
> Section 3.005 of the Election Code provides that:
> > An election ordered by an authority of a political subdivision shall be ordered not later than the 45th day before election day.
> Tex.Elec.Code Ann. § 3.005 (Vernon 1986). Section 3.002 provides that a law outside this chapter supercedes [sic] this chapter to the extent of any conflict. Id. § 3.002. Accordingly, absent specific authority to the contrary, the 45–day limit set out in section 3.005 is applicable to all elections. Because article 5154c–1 does not contain such a specific exemption, the 45–day requirement applies to an election ordered under the Act.
> Section 5(b) of the Act requires the collective bargaining election to be held within 60 days after the receipt of the petition by the governing body. Tex.Rev.Civ.Stat.Ann. art. 5154c–1, § 5(b) (Vernon 1987). However, the Election Code states that where an election is required to be held within a certain period of time, the election shall be held on an authorized uniform date within that period. Tex.Elec.Code Ann. § 41.004(a) (Vernon 1986). If no uniform date within the period offers enough time to hold the election in the manner required by law (i.e. ordering the election at least 45 days before the election date), the election shall be held on the next available uniform date. Id. § 41.004(a).